Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1576-3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
**SHARKSHOCK LLC**                              :
                                                 :       __ CV _____
                          Plaintiff,             :
                                                 :
-against-                                        :       **COMPLAINT**
                                                 :
**ALLSTAR PRODUCTS GROUP, LLC**                 :       (Jury Trial Demanded)
                                                 :
                          Defendant.             :
------------------------------------------------------------------ X

Plaintiff SHARKSHOCK LLC ("Plaintiff" or "Sharkshock"), by and through its attorneys, The Martinez Group PLLC, for its Complaint against Defendant ALLSTAR PRODUCTS GROUP, LLC ("Allstar" or "Defendant"), hereby allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq*.

**PARTIES**

2. Plaintiff Sharkshock is a limited liability company formed under the laws of the State of North Carolina with a place of business at 3104 Sweet Cherry Court, Raleigh, North Carolina 27614.

3. Plaintiff is the exclusive agent of Dennis Ludlow ("Ludlow"), the designer, author, and owner of the copyright mentioned herein.

4. Plaintiff is the exclusive agent of Ludlow and is authorized to act in this matter.

5. Ludlow is not a party to this action.

6. Plaintiff offers, markets, licenses, and distributes graphic design services and typeface font software.

7. Plaintiff conducts business throughout the world, United States, State of New York, and County of Kings via Plaintiff's commercial website at www.sharkshock.net and through the websites of authorized resellers.

8. Defendant is a limited liability company formed under the laws of the State of New York with a place of business at 2 Skyline Drive, Hawthorne, New York 10532.

9. Defendant produces, markets, imports, and sells "As Seen On TV" products including, but not limited to, the "Wonder Bible", an Old and New Testament audio player.

10. Upon information and belief, Defendant conducts business worldwide, in the United States, State of New York, and County of Kings by way of its website at www.allstarmg.com.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

12. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant, in person or through an agent, has:

   a. transacted business within New York State, or contracted anywhere to supply goods or services within New York State; or

    b.  committed a tortious act within New York State, causing injury to Plaintiff within New York State, because Defendant (i) regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State; or (ii) expected or should have reasonably expected its infringing acts to have consequences in New York State, and derives substantial revenue from interstate or international commerce.

13.  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## FACTS COMMON TO ALL CLAIMS

14.  Plaintiff is engaged in the business of creating works of typographic art and graphic design as well as designing, creating, manufacturing, marketing, and licensing the use of customized typeface font software for others.

15.  Ludlow is the owner of U.S. Copyright Registration Number TX 8-555-017 (ENCHANTED LAND Computer Program), a showing of which is attached hereto as Exhibit A.

16.  Ludlow's copyright is valid and subsisting.

17.  A showing of the designs embodied in the Font Software is attached hereto as Exhibit B.

18.  Plaintiff, Sharkshock, is the exclusive sales and licensing agent for the Font Software.

19.  Licenses to use the Font Software are sold on a per font basis and/or for collections of fonts directly by Plaintiff or by way of authorized third-party vendors of licenses to use such goods.

20. Plaintiff controls the use of its Font Software by means of its End User License Agreement ("EULA"), which specifically prohibits the uses complained of herein without the purchase of a special license.

21. A copy of Plaintiff's EULA is attached hereto as <u>Exhibit C</u>.

22. Plaintiff requires special licensing and additional licensing fees for use of its typeface font software in commercial, for-profit usage including, *inter alia*, on goods for sale.

23. Upon information and belief, Plaintiff's records show that Defendant has not purchased a basic license to use the Font Software.

24. Upon information and belief, Plaintiff's records show that Defendant has secured a special license and has not paid additional licensing fees to use the Font Software in the manners complained herein.

25. Upon information and belief, Plaintiff has not otherwise authorized or permitted the unlicensed uses of the Font Software by Defendant.

## DEFENDANT'S ACTIONS

26. Upon information and belief, Defendant has used and/or caused others to use unauthorized copies of the Font Software in the creation of graphics affixed to Allstar's "Wonder Bible" and in advertising for Allstar's "Wonder Bible", showings of which are attached hereto as <u>Exhibit D</u>.

27. Defendant's use of the Font Software in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's valid copyright in and to the Font Software.

28. The natural, probable, and foreseeable result of Defendant's wrongful conduct has and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Font Software in the manners complained of herein.

29. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, copying, and distribution of its Font Software.

30. Defendant's wrongful conduct has deprived and will continue to deprive Plaintiff of opportunities for expanding the goodwill associated with the Font Software.

31. Upon information and belief, Defendant has refused to cease and desist from infringing upon Plaintiff's valuable copyright despite several demands for such action.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501, *et seq*.

32. Plaintiff repeats and realleges all prior paragraphs of this Complaint and incorporates them herein by this reference.

33. Upon information and belief, Defendant has impermissibly used or caused others to impermissibly use the Font Software in the creation of advertising for and graphics affixed to the "Wonder Bible."

34. Each unauthorized use of Plaintiff's copyrighted Font Software constitutes an individual and distinct act of infringement.

35. Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

36. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to be not less than $150,000 together with prejudgment interest and reasonable costs and fees or statutory damages under copyright law, whichever is greater.

37. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Find that Defendant has willfully infringed Plaintiff's copyright;

2. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

    a. imitating, copying, posting, distributing, or making unauthorized use of Plaintiff's copyright, including infringing uses of the copyright; and

    b. manufacturing, creating, producing, advertising, promoting, or displaying any product or service bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's copyrighted works;

3. Direct that Defendant deliver for destruction at Defendant's expense pursuant to 17 U.S.C. § 503:

    a. All media in Defendant's possession bearing Plaintiff's registered copyright, including, but not limited to, computer files, hard drives, solid state drives, flash drives, disks, CD-ROM's, DVD's, and all other recorded media; and

    b.     All other items, including, but not limited to bags and other goods showing the use of Plaintiff's copyrighted work, in Defendant's possession or under its control that were created through the unlawful use of Plaintiff's copyrighted work;

4. Direct the imposition of a constructive trust for all monies or benefits received by Defendant from the sale of services and goods that use or were created using infringing copies and/or unauthorized derivative works based upon Plaintiff's copyrighted work;

5. Direct that Defendant be required to pay Plaintiff's actual damages in the amount of $150,000 per infringement pursuant to 17 U.S.C. § 504(b), or statutory damages pursuant to 17 U.S.C. § 504(c), whichever is greater, for all gains, profits, and advantages derived by Defendant through its infringement of Plaintiff's copyright;

6. Direct that Defendant be required to pay to Plaintiff such other damages that Plaintiff has sustained as a consequence of Defendant's unauthorized use of Plaintiff's copyrighted work;

7. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

8. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

9. Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Sharkshock LLC hereby demands a trial by jury.

Dated: <u>March 14, 2019</u>                                   Respectfully submitted,
                                                               THE MARTINEZ GROUP PLLC


                                                   By:   /Frank J. Martinez/
                                                         Frank J. Martinez (FJM-2149)
                                                         *Attorney for Plaintiff Sharkshock LLC*

                                                         THE MARTINEZ GROUP PLLC
                                                         55 Poplar Street, Suite 1-D
                                                         Brooklyn, New York 11201
                                                         718.797.2341 Telephone
                                                         FM@martinezgroup.com